IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LARRY D. WILLIAMS                                                                                         PLAINTIFF

vs.                                         Civil No. 4:12-cv-04006

MICHAEL J. ASTRUE                                                                                       DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Larry D. Williams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff filed his DIB application on June 23, 2010 and his SSI application on June 30, 2010. (Tr. 10, 86-93). In his applications, Plaintiff claims to be disabled due to asthma, COPD, and leg problems. (Tr. 134). Plaintiff alleges an onset date of May 1, 2009.[2] (Tr. 10, 86-93). These

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

[2] The ALJ found Plaintiff's alleged onset date to be May 1, 2009. (Tr. 10). However, in the actual disability applications, Plaintiff alleged an onset date of April 1, 2010. (Tr. 86-93). Because the timing of Plaintiff's

applications were denied initially and again upon reconsideration. (Tr. 38-41).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 42-85). Plaintiff's administrative hearing was held on June 15, 2011 in Texarkana, Arkansas. (Tr. 20-37). Plaintiff was present and was represented by Greg Giles at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Howard Rauzy testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was fifty-five (55) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008) (DIB) and 20 C.F.R. § 416.963(e) (2008) (SSI). (Tr. 24). As for his level of education, Plaintiff testified he had only completed the seventh grade in school. *Id.*

On September 14, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 7-16). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date of May 1, 2009. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: leg pain and chronic obstructive pulmonary disease. (Tr. 12, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-15, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained

---

alleged onset date is not dispositive in this case, this Court will presume the ALJ was correct in his determination that Plaintiff's alleged onset date was May 1, 2009.

the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c).

*Id.* Pursuant to 20 C.F.R. § 404.1567(c), "medium work" includes the following:

> (c) Medium work. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

*See* 20 C.F.R. § 404.1567(c) (2012).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 15, Finding 6). Based upon Plaintiff's testimony and the VE's testimony at the administrative hearing in this matter, the ALJ determined Plaintiff retained the capacity to perform his PRW as a forklift truck driver (performed at the medium level). (Tr. 15, Finding 6). Because Plaintiff retained the capacity to perform his PRW, the ALJ determined Plaintiff had not been under a disability as defined in the Act from his alleged onset date of May 1, 2009 through the date of the ALJ's decision or through September 14, 2011. (Tr. 15, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 5-6). On November 30, 2011, the Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On January 18, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 30, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

4

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the following: (1) the ALJ erred by finding he did not qualify as a "worn-out worker" under 20 C.F.R. § 404.1562; and (2) the ALJ erred in discrediting his subjective allegations and alleged limitations related to both his non-exertional and exertional limitations.[3] ECF No. 8. Because this Court agrees with Plaintiff's second argument and finds the ALJ improperly performed a *Polaski* evaluation and improperly discounted his subjective complaints, this Court will only address the second issue Plaintiff raised.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[4] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[3] In his briefing, Plaintiff separates this second argument into two different arguments and labels them "2" and "3." ECF No. 8. However, because these arguments raise the same issue, the Court will address these arguments together.

[4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with *Polaski* and did not give sufficient reasons

---

symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

for discounting Plaintiff's subjective complaints. (Tr. 7-16). In his opinion, the ALJ properly stated the *Polaski* factors and appeared to even consider Plaintiff's alleged daily activities. (Tr. 13-15). However, upon review of the ALJ's analysis, the ALJ actually only discounted Plaintiff's subjective complaints because they were not supported by his medical records. *Id.* Notably, the ALJ summarized his conclusions by stating, "[t]he medical evidence does not support the claimant's allegations." (Tr. 15). The ALJ's decision to discount Plaintiff's subjective complaints based upon his medical records alone was in error and in violation of *Polaski*. *See Polaski,* 739 F.2d at 1322. Accordingly, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[5] A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 9th day of January 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[5] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.